UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS A. WEBER,

  Plaintiff,

  v.

TIME WARNER, INC., *et al.*,

  Defendants.

Case No. C05-1706L

ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR A PRELIMINARY INJUNCTION

  This matter comes before the Court on three of the parties' pending motions. Plaintiff, who is proceeding *pro se*, filed a motion for partial summary judgment on liability (Dkt. #29) and a motion for a preliminary injunction (Dkt. #42). Defendants Time Warner, Inc., WEA, Inc., and Sub Pop Music Ltd. moved for summary judgment arguing that they had no involvement in the alleged wrongful actions and were improperly named.[1] (Dkt. #45).

  For the reasons set forth below, the Court grants defendants' motion for summary

---

[1] All defendants moved for summary judgment alleging that plaintiff's claims arose in Nashville, Tennessee, and under Tennessee law, his claims are barred by the applicable statutes of limitations. (Dkt. #46). After that motion was filed, plaintiff moved to amend his complaint. Because the proposed amended complaint contains new allegations against defendants Liberal Jew Run Media Productions, Inc. and David Cross, the Court will defer ruling on that motion until after it rules on the motion to amend.

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 1

judgment, denies plaintiff's motion for summary judgment, denies plaintiff's motion for a preliminary injunction, and imposes sanctions on plaintiff.

## I. FACTS

On May 18, 2002, defendant David Cross performed at the "Exit/In," an entertainment and nightclub venue in Nashville, Tennessee, as part of his national comedy tour. Plaintiff was the operational manager of the Exit/In. On the evening of May 18, 2002, Cross recorded his stand-up comedy act at the Exit/In for a live album and video to be released in 2003. Plaintiff alleges that the recording was accomplished surreptitiously by use of a hidden camera and microphone at the Exit/In over an eight-hour period. The parties dispute whether plaintiff was aware that recording was occurring.

On November 30, 2003, plaintiff learned for the first time that Cross, Liberal Jew Run Media Productions, Inc., and Sub Pop Music Ltd. produced, published, and released for distribution and sale a live comedy stand-up CD entitled "Shut Up, You Fucking Baby!" and a live stand-up comedy DVD entitled "Let America Laugh." Plaintiff's Motion for Summary Judgment at p. 3. The CD and DVD have been commercially successful. Plaintiff maintains a website, www.wearenotlaughing.com, which contains some of his filings in this action as well as video file attachments of Cross's comedy performance.

Plaintiff filed his complaint in this Court on October 7, 2005 alleging that jurisdiction was based on diversity of citizenship. He asserts claims against the defendants for violation of the Personality Rights Act of 1998, RCW 63.60 *et seq.*, unjust enrichment, common law unfair competition, common law invasion of privacy, negligence, and outrage.

## II. DISCUSSION

**A.   Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 2

supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**B.     Analysis.**

    **1.     Motions for Summary Judgment.**

Plaintiff concedes that his claims of invasion of privacy and negligence based on the *filming and recording* in Nashville are time barred under Tennessee law.[2] He notes that the "only tortious conduct and injury that occurred in Nashville was the filming and recording of Plaintiff by Defendants David Cross and Liberal Jew Run Media Production, Inc." Plaintiff's Reply (Dkt. #55) at p. 2. Because those claims are barred under Tennessee law, plaintiff cannot pursue them in Washington. RCW 4.16.290. He nevertheless argues that his claims can proceed under Washington law based on the "production, publication, and release" of the CD/DVD in Seattle by Sub Pop Records. Plaintiff's Reply (Dkt. #55) at p. 3. Sub Pop Records is not a party to this action.

Furthermore, plaintiff does not allege that Time Warner, Inc., Warner Music Group, Inc., or Sub Pop Music Ltd. were involved in the production, publication, or release of the CD/DVD. Although he generally alleges that the corporate defendants are related to each other in various ways, he has offered no facts to support disregarding their separate corporate identities. As for WEA, Inc., plaintiff alleges that it was involved in the production, publication, and release of the CD/DVD but defendants have filed a sworn declaration stating that WEA, Inc. has not engaged

---

[2] Tennessee law includes a six-month statute of limitations for claims of false light, defamation, and slander. Tenn. Code Ann. § 28-3-103; West v. Media General Convergence, Inc., 53 S.W.3d 640, 648 (Tenn. 2001). Claims based on all "injuries to the person," including invasion of privacy, involve a one-year statute of limitations. Tenn. Code Ann. 28-3-04(a)(1). Plaintiff learned of the events giving rise to this action in November 2003, yet he waited until October 2005 to file his lawsuit.

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 3

1 in the "manufacturing, production, distribution, marketing, or sale of any CDs or DVDs which
2 form the basis of Plaintiff Weber's allegations in this case." Declaration of Rachel Gonzales
3 (Dkt. #20) at ¶ 3. In response, plaintiff has offered only unauthenticated and irrelevant
4 evidence, which cannot defeat a motion for summary judgment. See Plaintiff's Reply (Dkt. #58)
5 at p. 2.
6     Finally, and most tellingly, plaintiff's proposed amended complaint does not name as
7 defendants Time Warner, Inc., Warner Music Group, Inc., Sub Pop Music Ltd., or WEA, Inc.
8 For all of the foregoing reasons, plaintiff's claims against those defendants fail as a matter of
9 law.

### 2. Motion for a Preliminary Injunction.

11 Plaintiff seeks to restrain the production, sales, and distribution of the CDs and DVDs
12 that contain his likeness and voice. However, as set forth above, four of the defendants are not
13 proper parties. As for the other two defendants, David Cross and Liberal Jew Run Media
14 Productions, Inc., plaintiff has not shown or even argued that either has control over the
15 production, sales, or distribution of the CDs and DVDs. Instead, plaintiff repeatedly argues that
16 Sub Pop Records published, distributed, and sold the CDs and DVDs. Plaintiff's Reply (Dkt.
17 #34) at pp. 2-3. Accordingly, plaintiff has not shown a probability of success on the merits
18 against the named defendants, and his request for a preliminary injunction is denied.

### 3. Plaintiff's Request for a Continuance.

20 Plaintiff filed a "Rule 56(f) declaration in reply to Sub Pop Music's Motion for Summary
21 Judgment" stating that he "cannot respond to Defendants' assertions by countervailing
22 declarations as he does not have facts essential to justify an opposition at this time unless this
23 Court orders that Plaintiff may conduct discovery from Sub Pop Music, Ltd. to test the assertion
24 that plaintiff has in fact misidentified the Defendant in order to determine which other
25 companies such as Sub Pop, Ltd. and Sub Pop Records should instead be joined in this action
26 and Sub Pop Music dropped." (Dkt. #56). Plaintiff also filed a Rule 56(f) request seeking

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 4

additional time to obtain discovery before the Court ruled on his own motions for summary judgment and for a preliminary injunction (Dkt. #101). Plaintiff, however, offers no explanation for why he failed to obtain the information sooner. Plaintiff waited almost two years after learning of the allegedly wrongful conduct to file this action, yet apparently filed his complaint before ascertaining the proper defendants, and filed his own motions before obtaining the facts to support them. Moreover, plaintiff's own filings repeatedly state that Sub Pop Records engaged in the wrongful conduct, showing that he is and has been aware of the identity of the correct defendant. Furthermore, plaintiff has filed a motion to amend his complaint to add Sub Pop Records as a defendant, which both highlights his knowledge of the correct party and shows that his Rule 56(f) request is moot. Plaintiff's request for additional time is denied.

**C.     Defendants' Request for Sanctions.**

Defendants have requested that the Court impose sanctions pursuant to 28 U.S.C. § 1927. Based on both the language of the statute and relevant caselaw, it appears that the statute is not applicable to *pro se* parties. 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States . . . ."). The Court also has inherent authority to sanction any party pursuant to General Rule 3(d).

In this case, plaintiff has multiplied and obstructed the proceedings by suing the wrong parties. Representatives from defendants Time Warner, Inc., WEA, Inc., and Sub Pop Music Ltd. have filed sworn declarations stating that they are not proper defendants. Plaintiff implicitly concedes that he sued the wrong parties by (1) seeking to file an amended complaint that does not name those three defendants or Warner Music Group, Inc. and (2) filing his own motions for summary judgment and for a preliminary injunction, then requesting additional time from the Court to provide support for those motions.

Plaintiff also states that his complaint is based on the publication, production, and release of the CD/DVD, but most of the defendants did not engage in any of those activities. Defendants filed sworn declarations on December 2, 2005 that show that plaintiff sued the

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 5

wrong defendants. (Dkt. ##16-20). Yet plaintiff did not dismiss the improperly named defendants after they filed their declarations. Instead, he forced defendants to file dispositive motions and waited until those motions were fully briefed before seeking to amend his complaint. Moreover, plaintiff unnecessarily multiplied the proceedings by filing, and not withdrawing, his own motions[3] for summary judgment and for a preliminary injunction against the improperly named defendants. Furthermore, plaintiff has repeatedly disregarded the Court's rules by filing untimely documents, seeking relief from the Court without filing a motion, and filing extraneous "notices" and "suggestions" that are not authorized by the Court's rules.

Plaintiff's conduct has forced the improperly named defendants to incur considerable expense in defending themselves and responding to plaintiff's numerous and meritless filings. His conduct has also unnecessary delayed and vexatiously multiplied the proceedings, increased costs, and wasted both the Court's and the defendants' resources.

Finally, the Court notes that the imposition of sanctions is appropriate even though plaintiff is proceeding *pro se*. He has shown the ability to follow the Court's rules when it suits him, and his filings contain cogent legal arguments and appropriate citations to cases and statutes. Accordingly, the Court imposes sanctions in the amount of $2,000, to be paid to defendants within twenty days of the date of this order.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Dkt. #45), DENIES plaintiff's motion for summary judgment (Dkt. #29), and DENIES plaintiff's motion for a preliminary injunction (Dkt. #42). All of plaintiff's claims against defendants Time Warner, Inc., Warner Music Group, Inc., Sub Pop Music Ltd., and WEA, Inc.

---

[3] In addition to the motion for summary judgment and for a preliminary injunction, plaintiff also filed numerous other motions against the improperly named defendants, including a motion to compel mediation, a motion to compel, a motion to strike, and motions for extensions of time.

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 6

are dismissed. The Court imposes sanctions on plaintiff in the amount of $2,000, to be paid to defendants within twenty days of the date of this order.

DATED this 31st day of January, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT AND MOTION
FOR A PRELIMINARY INJUNCTION- 7