UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS A. WEBER,

       Plaintiff,

    v.

TIME WARNER, INC., *et al.*,

       Defendants.

Case No.  C05-1706L

ORDER GRANTING IN PART AND
DENYING IN PART THIRD
MOTION TO AMEND COMPLAINT

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's third motion to amend his complaint. (Dkt. #131).  Plaintiff seeks to add a new defendant, Warner Music SP, Inc. ("WMSP") and to add a new claim against defendant David Cross.

For the reasons set forth below, the Court grants the motion in part and denies it in part.

## II.  DISCUSSION

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits.  See, e.g., Smith v. Commanding Officer,

ORDER REGARDING THIRD
MOTION TO AMEND - 1

1   555 F.2d 234, 235 (9th Cir. 1977).

2       Plaintiff contends that he recently learned that proposed new defendant WMSP is an

3   "indispensable party" and the owner of Sub Pop Records.  Plaintiff notes that if he is permitted

4   to join WMSP, he "would drop Defendant Sub Pop Ltd. as a party."  Plaintiff's Motion at p. 1.

5   Defendants have not objected to those proposed amendments.  Accordingly, plaintiff's request to

6   amend to add WMSP and voluntarily dismiss Sub Pop Ltd. is granted.

7       Plaintiff also seeks to add a claim against Cross pursuant to the Tennessee wiretapping

8   statute.  The statute provides a civil remedy for "any aggrieved person whose wire, oral or

9   electronic communication is intentionally intercepted, disclosed, or used in violation of § 39-13-

10  601 or title 40, chapter 6, part 3 . . . ."  Tenn. Code Ann. § 39-13-603.  Defendants object to

11  plaintiff's request to add the new claim based on undue delay, prejudice to defendants, and

12  futility of the amendment.  Specifically, defendants contend that plaintiff's delay has been undue

13  for three reasons: (1) plaintiff has had two prior opportunities to amend his complaint, but failed

14  to add this claim; (2) it appears that plaintiff seeks to add the new claim to defeat defendants'

15  pending dispositive motion which was noted for the same day as this motion, and (3) the only

16  reason plaintiff offers for failing to assert the claim earlier is that he mistakenly believed the

17  claim "was barred by Tennessee's general one (1) year [statute] of limitation."  Plaintiff's

18  Motion at p. 1.  Defendants also contend, and the Court finds, that the belated amendment would

19  be prejudicial to them as they have responded to substantive motions and have a motion for

20  summary judgment pending.  Allowing plaintiff to add a new claim would delay consideration

21  of that motion.

22      Defendants also argue that the proposed wiretapping claim is futile[1] because the statute

23  does not cover the type of communication at issue here, where one party has consented to the

24  _____

25      [1] Defendants also argue that the Tennessee wiretapping claim is time barred with respect

26  to any proposed new defendants.  Although that argument has merit, plaintiff only asserts the
    claim against defendant Cross.

27

28  ORDER REGARDING THIRD
    MOTION TO AMEND - 2

1    "interception."  Defendants note that plaintiff has "failed to show any evidence of an objective

2    expectation of privacy or to allege any private communication to which David Cross was not

3    present or a party."  Defendants' Response at p. 9; see also Tennessee v. Munn, 56 S.W.3d 486,

4    497 (2001) (quoting Tenn. Code Ann. § 40-6-302(b), which applies when "no party to the

5    communication has consented to the interception;" noting that the statute defines "oral

6    communication" as "uttered by a person exhibiting an expectation that such communication is

7    not subject to interception under circumstances justifying that expectation").  Defendants'

8    argument has merit.  Furthermore, plaintiff did not file a reply is support of his motion, so he has

9    not contested or rebutted defendants' argument.  Nor has he identified any communication to

10   which the Tennessee wiretapping statute would apply.[2]  Because the addition of the wiretapping

11   claim would result in some prejudice to defendants and would be futile, the Court denies the

12   request to add that claim.

13       Plaintiff also requests that the Court impose sanctions on defendants based on their

14   "willful failure to disclose to Plaintiff that [WMSP] was a real indispensable party of interest

15   that owns Sub Pop Records until February 20, 2006" even though plaintiff had "demanded" the

16   information during the parties' Rule 26(f) conference.  Plaintiff's Motion at p. 3.  Plaintiff has

17   not shown that defendants were obligated to identify the proper defendants for him or that they

18   violated their obligations under the discovery rules.  Accordingly, plaintiff's request for

19   sanctions is denied.

20                          **III.  CONCLUSION**

21       Accordingly, plaintiff's motion to amend is GRANTED IN PART AND DENIED IN

22   PART.  Plaintiff may file an amended complaint that is consistent with this order within twenty

23   _____

24       [2] The allegation in the complaint is vague and does not specifically identify any
     communications subject to the wiretapping statute.  Proposed Second Amended Complaint (Dkt.
25   #131-2) at ¶ 19 (alleging claim against Cross for "intentionally intercepting an oral
     communications [sic] of Plaintiff with a video recording device and then disclosing and
26   disseminating its contents on a CD/DVD").

27

28   ORDER REGARDING THIRD
     MOTION TO AMEND - 3

1    days of the date of this order.  The amended complaint shall not add new allegations or parties

2    beyond those included in plaintiff's second proposed amended complaint and authorized by this

3    order.

4

5            DATED this 15th day of March, 2006.

6

7

8                                                    *MrS Lasnik*

9                                                    Robert S. Lasnik
                                                     United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER REGARDING THIRD
     MOTION TO AMEND - 4