UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS A. WEBER,

    Plaintiff,

    v.

WARNER MUSIC S.P., INC., *et al.*,

    Defendants.

Case No.  C05-1706RSL

ORDER REGARDING
CROSS MOTIONS FOR
SUMMARY JUDGMENT

This matter comes before the Court on the parties' cross motions for summary judgment. Defendants Liberal Jew Run Media Productions, Inc. ("Liberal") and David Cross (collectively, "defendants") moved for summary judgment alleging that plaintiff's claims arose in Nashville, Tennessee, and under Tennessee law, his claims are barred by the applicable statutes of limitations.  (Dkt. #46).  Plaintiff cross-moved for partial summary judgment on his claims against Cross.[1]  (Dkt. #130).

For the reasons set forth below, the Court grants defendants' motion for summary judgment and denies plaintiff's motion for partial summary judgment.

---

[1] Plaintiff initially moved for summary judgment against Cross and Sub Pop Records, and for injunctive relief against Alternative Distribution Alliance, Inc. ("ADA").  Plaintiff subsequently informed the Court that the only relief he was seeking is summary judgment against Cross.  (Dkt. #142).

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT - 1

Case 2:05-cv-01706-RSL   Document 149   Filed 04/21/06   Page 2 of 6

# I.  FACTS

On May 18, 2002, defendant David Cross performed at the "Exit/In," an entertainment and nightclub venue in Nashville, Tennessee, as part of his national comedy tour.  Plaintiff was the operational manager of the Exit/In.  On the evening of May 18, 2002, Cross recorded his stand-up comedy act at the Exit/In for a live album and video to be released in 2003.  Plaintiff alleges that the recording was accomplished surreptitiously by use of a hidden camera and microphone at the Exit/In over an eight-hour period.  The parties dispute whether plaintiff was aware that recording was occurring.

On November 30, 2003, plaintiff learned for the first time that Sub Pop Records produced, published, and released for distribution and sale a live comedy stand-up CD entitled "Shut Up, You Fucking Baby!" and a live stand-up comedy DVD entitled "Let America Laugh."  The CD and DVD have been commercially successful.  Plaintiff maintains a website, www.wearenotlaughing.com, which contains some of his filings in this action as well as video file attachments of Cross's comedy performance.

Plaintiff filed his complaint in this Court on October 7, 2005 alleging that jurisdiction was based on diversity of citizenship.  He asserts claims against defendants for violation of the Personality Rights Act of 1998, RCW 63.60 *et seq.*, unjust enrichment, common law unfair competition, common law invasion of privacy, and negligence.

# II.  DISCUSSION

**A.   Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact."  Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W.

Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**B.      Analysis.**

Plaintiff asserts claims under Washington law, but defendants argue that Tennessee law should apply. Because this is a diversity action, the Court must "look to the laws of the forum state to resolve issues regarding conflict of laws." Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Washington law provides that if a claim is substantively based on the law of another state, the limitations period of that state applies. RCW 4.18.020(1)(a). Washington has adopted the "most significant relationship" test, as set forth in the Restatement (Second) of Conflict of Laws § 145 (1971), to determine which state's law applies to a particular issue. See, e.g., Rice v. Dow Chemical Co., 124 Wn.2d 205, 210 (1994). The test states, "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Id. at 213 (quoting the Restatement (Second) of Conflict of Laws § 145). The principles in § 6 include the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws § 145.

Plaintiff concedes that his claims of invasion of privacy, negligence, and other torts based on the *filming and recording* in Nashville are time barred under Tennessee law. Plaintiff's Reply (Dkt. #55) at p. 2. He nevertheless argues that his claims are timely because Washington law applies. Plaintiff argues, "The Washington claims are separate, independent and distinct claims that only accrued when Cross passed on the videotaping of Weber to Sup [sic] Pop Records in Seattle for publication of the CD/DVD in 2002." Plaintiff's Reply at p. 3. The mere fact that Cross "passed on" the videotaping to Sub Pop Records in Seattle is insufficient to establish the applicability of Washington law. Plaintiff does not allege that the "passing on" of the recording was wrongful; rather, he argues that Sub Pop Records' subsequent actions caused

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT - 3

him injury. Id. at p. 3 (arguing that his injuries are "directly traceable to injuries sustained from the production, publication and release of the CD/DVD in question by Sub Pop Records that occurred and continue to occur in Seattle"). *Sub Pop Records'* actions in Seattle, however, do not entitle plaintiff to assert Washington law claims against *Cross and Liberal*. Furthermore, Tennessee has the most significant relationship to the claims against Cross and Liberal because their allegedly wrongful actions – the surreptitious filming of plaintiff and the invasion of his privacy – occurred in Nashville. Tennessee also has the most significant relationship to the parties. Plaintiff lives in and was allegedly injured in Tennessee. Cross is a citizen of New York, and Liberal is a California corporation. The Court therefore applies Tennessee law to plaintiff's claims against Liberal and Cross. As plaintiff concedes, his claims against Cross and Liberal are barred by the Tennessee statute of limitations:

> The Tennessee statute of limitations for all legal claims that sound in invasion of privacy and other torts under Tennessee common law arising solely from the video filming and recording of Plaintiff's actual image, voice and likeness at the Exit/In in Nashville, Tennessee on May 18, 2002 by Defendants and others acting in privity are time barred by a one year statute of limitations. For that reason, Plaintiff did not assert Tennessee claims in this action as they would be time-barred and therefore not brought in good faith.

Id. at p. 2; see also Tenn. Code Ann. 28-3-04(a)(1) (claims based on all "injuries to the person," including invasion of privacy, involve a one-year statute of limitations). Plaintiff learned of the events giving rise to this action in November 2003, yet he waited until October 2005 to file his lawsuit. Because the claims are barred under Tennessee law, plaintiff cannot pursue them in Washington. RCW 4.16.290 ("When the cause of action has arisen in another state . . . between nonresidents of this state, and by the laws of the state . . . where the action arose, an action cannot be maintained thereon by reason of the lapse of time, no action shall be maintained thereon in this state"). Therefore, the Court dismisses plaintiff's tort claims against Liberal and Cross as barred by the statute of limitations.[2]

---

[2] Even if Washington law applied and plaintiff's claims were not time barred, his claim for a violation of the RCW 63.60.050 would fail because that statute does not apply to uses for commentary, criticism, satire or parody. See RCW 63.60.070(1) (exempting certain uses).

ORDER REGARDING CROSS MOTIONS
FOR SUMMARY JUDGMENT - 4

1   Plaintiff also asserts a claim against defendants for unjust enrichment.  In their motion,
2 defendants argued that the claim must be dismissed because plaintiff has no evidence that
3 defendants were unjustly enriched by the inclusion of plaintiff's likeness in the CD and DVD.
4 They argued that "purchases of the comedy CD and DVD are not induced to do so because of
5 the incidental inclusion of plaintiff's 'likeness.'"  Motion at p. 18.  Plaintiff did not respond to
6 that argument or provide any evidence to support his claim.  Accordingly, his unjust enrichment
7 claim fails as a matter of law.

8   For all of these reasons, the Court grants defendants' motion for summary judgment, and
9 denies plaintiff's cross motion for partial summary judgment.

10 **C.   Defendants' Request for Sanctions.**

11   Defendants request that the Court impose sanctions on plaintiff for two reasons.  First,
12 defendants argue that plaintiff's motion for summary judgment against Cross is based on the
13 same facts and arguments as his prior motion for summary judgment, which the Court denied on
14 January 31, 2006.  Dkt. ## 29, 111.  In both motions, plaintiff argued that Cross did not obtain
15 his consent to film him at the Exit/In, and is therefore liable as a matter of law.  Plaintiff does
16 not dispute that his current motion is substantively the same as his prior unsuccessful motion,
17 and he offers no explanation for essentially refiling the motion.

18   Second, defendants argue that plaintiff's motions practice unnecessarily and vexatiously
19 multiplied the proceedings.  Specifically, defendants note that plaintiff initially filed his motion
20 as one for summary judgment against Cross and Sub Pop Records and for an injunction against
21 ADA "and all other persons and entities acting in concert" with it from any further sale or
22 distribution of the CD and DVD.  Plaintiff's Motion (Dkt. #130) at p. 1.  On Friday, March 17,
23 2006, plaintiff mailed a "Notice" to the Court and to defendants substantially altering the motion
24 to seek only summary judgment against Cross.  Defendants' response to the motion was due on

---

Plaintiff does not dispute defendants' argument that the filming of him was satire or parody and therefore not actionable under the statute.

Monday, March 20, 2006, so defendants were forced to incur the expense of drafting their response and rewriting it at the last minute. Plaintiff's delay is all the more egregious in light of the fact that defendants' counsel sent him an e-mail on March 4, 2006 requesting that he withdraw his duplicative motion, yet plaintiff waited approximately two weeks before doing so. Fourth Declaration of Randolph Gordon (Dkt. #141-1), Ex. 1 (noting that the current motion was "a rehash of the previous Motion for Summary Judgment and for Injunctive Relief which you filed–and which the court denied;" suggesting plaintiff withdraw the motion before defendants incurred "the unnecessary, unwarranted expense" of responding). Plaintiff's conduct forced defendants to incur considerable additional expense, unnecessarily delayed the resolution of this matter, and vexatiously multiplied the proceedings. Accordingly, the Court imposes sanctions in the amount of $750, to be paid to defendants within twenty days of the date of this order.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Dkt. #46) and DENIES plaintiff's motion for partial summary judgment (Dkt. #130). Plaintiff's claims against defendants David Cross and Liberal Jew Run Media Productions, Inc. are dismissed with prejudice. The Court imposes sanctions on plaintiff in the amount of $750, to be paid to defendants within twenty days of the date of this order.

DATED this 21st day of April, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge