UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS A. WEBER,

    Plaintiff,

  v.

WARNER MUSIC, S.P., INC., *et al.*,

    Defendants.

Case No. C05-1706RSL

ORDER GRANTING
MOTION TO QUASH

This matter comes before the Court on defendants' "motion to quash plaintiff's notices of acceptance of offer of judgment and plaintiff's direction to clerk to enter judgment" (Dkt. #160).

On June 8, 2006, the four defendants in this case submitted an offer of judgment to plaintiff that stated, "The above Named Defendants offer to allow judgment to be entered against them or any one of them in this matter for the sum of Thirty Thousand Dollars ($30,000.00), including costs incurred to date." Sixth Declaration of Randolph Gordon (Dkt. #161), Exs. 1-4. Plaintiff responded to the offer of judgment by filing four separate pleadings on June 15, 2006; each one was titled his "Notice of Acceptance" of an individual named defendant's offer of judgment. See, e.g., id. at Ex. 1 ("Plaintiff's Notice of Acceptance of Defendant Warner Music SP's Offer to Allow Entry of Judgment"). Plaintiff requested that the Clerk of the Court enter judgment in the amount of $30,000 against each one of the four defendants. Defendants

ORDER GRANTING
MOTION TO QUASH - 1

promptly filed this motion seeking to quash the notices and arguing that there has been no meeting of the minds because plaintiff's acceptance and demand for four payments of $30,000 does not match the offer of a single payment of $30,000.

The "usual rules of contract construction" apply to Rule 68 offers of judgment. See Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997) (internal citation and quotation omitted). Therefore, ambiguities are construed against the drafter. In this case, however, the offer is not ambiguous. Defendants, collectively, offered $30,000 in exchange for a judgment against them or any one of them, not a total of $120,000 as plaintiff suggests. Courts also recognize that "in general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents their total liability." Id.

Plaintiff argues that Rule 68 is mandatory, and the Court lacks discretion to grant defendant's motion to quash. Although a court lacks discretion to do anything other than enter judgment once a Rule 68 offer of judgment has been accepted, in this case, defendants' offer was not accepted. Instead, plaintiff purported to accept an offer defendants never made, so there was no meeting of the minds. Therefore, the Court has authority to refuse to enter judgment on the non-existent agreement. See, e.g., Johnson v. Univ. College of the Univ. of Alabama, 706 F.2d 1205, 1209 (11th Cir. 1983) (affirming district court's order striking the acceptance of an offer of judgment; explaining that for a valid Rule 68 agreement to be formed, there must be a "meeting of the minds" under traditional contract law principles).

For all of the foregoing reasons, the Court GRANTS defendants' motion and quashes plaintiff's notices of acceptance of defendants' offer of judgment. The Clerk of the Court shall

ORDER GRANTING
MOTION TO QUASH - 2

1  not enter judgment as requested by plaintiff's "Notices of Acceptance of Offer of Judgment."

3  DATED this 28th day of June, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO QUASH - 3