UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS A. WEBER,

   Plaintiff,

   v.

WARNER MUSIC, S.P., INC., *et al.*,

   Defendants.

Case No. C05-1706RSL

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendants' motion for summary judgment on plaintiff's claim pursuant to the Washington Personality Rights Act, RCW 63.60 *et seq*. (Dkt. #152). The facts underlying this dispute have been set forth in prior orders, and the Court will not repeat them here.

## II. DISCUSSION

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1

resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

Plaintiff has not responded to the motion, which the Court considers to be an admission that the motion has merit. Local Rule 7(b)(2). Furthermore, the Court finds that even if Washington law applies, plaintiff's claim would fail because the statute does not apply to the use, distribution, promotion, transfer, or license of material for the purpose of commentary, criticism, satire or parody. See RCW 63.60.070(1) & (7). It also does not apply to certain types of theatrical works, or when the use is insignificant, *de minimus*, or incidental. After reviewing the record, it appears that any use of plaintiff's voice or likeness was in a theatrical work for comment, criticism, wit, satire, and/or parody. See e.g., Second Declaration of Megan Jasper[1] (Dkt. #153) at ¶ 4; Third Amended Complaint (Dkt. #144). Plaintiff has not offered any evidence to show that defendants' conduct is prohibited by the statute. Accordingly, plaintiff's claim fails as a matter of law.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion for partial summary judgment and dismisses plaintiff's claim under the Washington Personality Rights Act. (Dkt. #152).

DATED this 30th day of June, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court did not consider the legal conclusions set forth in Ms. Jasper's declaration.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2